AO 91 (Rev. 02/09) Criminal Complaint

# United States District Court
### for the
### Western District of New York

*FILED OCT 18 2019 – MARY C. LOEWENGUTH, CLERK, WESTERN DISTRICT OF NY*

United States of America

v.

Case No. 19-MJ-4147

**BRIAN ARNOLD**

*Defendant*

## CRIMINAL COMPLAINT

I, **JENNIFER RUDEWICZ,** the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about April 2016 through August 2018, in the Western District of New York, the defendant, **BRIAN ARNOLD** violated Title 29, United States Code, Section 501(c) (Embezzlement), and Title 29, United States Code, Section 439(c) (False Entries in Required Union Records), offenses described as follows:

The defendant knowingly executed, or attempted to execute, a scheme or artifice to embezzle funds belonging to a labor organization of which he was an officer, in violation of Title 29, United States Code, Section 501(c) and has willfully made false entries in or willfully concealed books and records required to be maintained by a labor organization, in violation of Title 29, United States Code, Section 439(c).

This Criminal Complaint is based on these facts:

SEE ATTACHED AFFIDAVIT OF SUPERVISORY INVESTIGATOR JENNIFER RUDEWICZ

☒ Continued on the attached sheet.

*Complainant's signature*

JENNIFER RUDEWICZ, Supervisory Investigator
U.S. Department of Labor, OLMS
*Printed name and title*

Sworn to before me and signed in my presence.

Date: October 18, 2019

*Judge's signature*

MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE
*Printed name and title*

City and State: Rochester, New York

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

STATE OF NEW YORK )
COUNTY OF MONROE ) ss.:
CITY OF ROCHESTER )

19-mj-4147

JENNIFER RUDEWICZ, being duly sworn, deposes and says:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Supervisory Investigator with the Department of Labor, Office of Labor Management Standards (OLMS). I have been a supervisory investigator for approximately five years, and prior, served ten years as investigator for the Buffalo Office. As an investigator, I have participated in and completed numerous criminal cases involving fraud and embezzlement of union funds. In my supervisory capacity, I have supervised investigators in cases involving the same. My employment with OLMS included successful completion of various trainings regarding federal labor laws, specifically criminal statutes and union recordkeeping and reporting requirements. I have a Master's Degree in Criminal Justice from Buffalo State College and a Bachelor's Degree in Psychology from Niagara University.

2. This affidavit is being submitted for the purpose of establishing probable cause to believe that Brian Arnold (hereinafter "ARNOLD") has embezzled funds belonging to a labor organization of which he was an officer, in violation of Title 29, United States Code, Section 501(c), and has willfully made false entries in or willfully concealed books and records required to be maintained by a labor organization, in violation of Title 29, United States Code, Section 439(c) (collectively the "TARGET OFFENSES").

3. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers, and the review of documents and records related to this case.

4. Because this affidavit is being submitted for the limited purpose of establishing probable cause to secure a criminal complaint, I have not included every detail of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause to believe that ARNOLD violated the TARGET OFFENSES.

5. Unless specifically indicated, all conversations and statements described in this affidavit are related in substance and in part.

## PROBABLE CAUSE

6. Steelworkers Local Union 104M (hereinafter "Local 104M") is a labor organization within the meaning of Section 3(i) of the Labor Management Reporting and Disclosure Act ("LMDRA"), and is affiliated with the United Steelworkers of America, AFL-CIO.

7. Local 104M represents approximately 75 members employed by Anchor Glass Container Corporation, which manufactures glass containers for distribution to bottling companies, in Elmira, NY.

8. Local 104M has four local officers: president, vice president, recording secretary, and financial secretary.

9. From September 2015 through August 2018, ARNOLD served as Local 104M's financial secretary.

10. As the financial secretary, ARNOLD was responsible for collecting dues checks from the Anchor Glass, recording all receipts, maintaining receipts and disbursement records, writing and signing checks, and preparing an accurate account of all money received and paid out to report monthly to the union membership.

11. Local 104M is funded through union dues from its members collected through employer deduction. Checks are issued by Anchor Glass to the union weekly for the collected dues deducted. All checks are deposited to the union's Chemung Canal Trust Company checking account. This account is used to pay for all the expenses of the local through check or debit card. All of Local 104M's disbursements are drawn on this account.

12. All of Local 104M's bank statements were sent to the union's P.O. Box, and ARNOLD had sole access to the P.O. Box and the statements.

13. Expenses for Local 104M include monthly salary payments to the officers, meeting hall rentals at the VFW Post, occasional union office expenses, such as postage and printer supplies, retirement cakes and gift cards, officer expenses for travel such as car rental, lost wages, hotel, and *per diem*, and annual union outing gifts.

14. From April 2016 through August 2018, ARNOLD embezzled union funds totaling $33,224.15 by: (a) making unauthorized purchases with the union's debit card; (b) making unauthorized ATM withdrawals from the union's checking account; and (c) writing unauthorized checks to himself from the union's checking account.

15. ARNOLD also falsified records Local 104M was required maintain, pursuant to 29 U.S.C. § 436, specifically the union's annual financial reports, monthly financial reports, and transaction journals.

### A. ATM WITHDRAWALS

16. According to current and former union officers, ATM cash withdrawals are prohibited.

17. However, between May 2016 and July 2018, ARNOLD made 54 unauthorized ATM withdrawals from Local 104M's checking account using its debit card. The amount of each withdrawal ranged from $60 to $400. In total, ARNOLD withdrew $16,940.

18. When interviewed by OLMS, Brian Arnold admitted to making the ATM cash withdrawals from the union's account. Arnold acknowledged the cash withdrawals were for his personal benefit and that he concealed them from his fellow union officers and the membership.

### B. PERSONAL DEBIT CARD PURCHASES

19. Local 104M had one debit card associated with its checking account. It was supposed to be assigned to the President and used exclusively for car rentals, officer travel, gifts and cakes for retirees, and expenditures associated with the annual union outing.

20. Between April 2016 and August 2018, ARNOLD used Local 104M's debit card to make unauthorized purchases for his own personal benefit at various hotels, restaurants, and sporting goods stores and at Verizon Wireless. The transactions totaled $14,639.13.

21. According to current and former union officers, there was no union purpose or authorization for any of these purchases.

22. Union officers occasionally traveled for negotiations and labor management meetings in Florida. Officers also sometimes traveled to attend training. However, none of Local 104M's union officers had travel to Batavia, Cheektowaga, or Alexandria Bay (where ARNOLD incurred many of his unauthorized meal and hotel charges).

23. According to current and former union officers, the union authorizes purchases at sporting goods and home improvement stores once annually around the time of the union's Labor Day outing. These purchases are authorized at the membership meetings and documented in the union's meeting minutes before the union's debit card is used to make the purchases. No additional debit card purchases are authorized at these stores throughout the year. However, ARNOLD made unauthorized purchases at stores like Walmart, Sam's Club, and Dick's Sporting Goods throughout the years of 2016, 2017, and 2018.

24. In addition, the union does not own cell phones or pay for its officers' wireless service. However, ARNOLD had fifteen unauthorized transactions at Verizon Wireless, ranging from $49.94 to $1093.64 each.

25. When interviewed by OLMS, Arnold admitted to making these personal purchases with the union's debit card and acknowledged the charges were for his personal benefit. He admitted he traveled for his son's baseball travel league, and used the union's debit card to pay for hotels, restaurants, and sporting goods stores purchases. ARNOLD further admitted that all Verizon Wireless purchases were for his personal cell phone. Arnold concealed the unauthorized purchase from the other union officers and the membership.

### C. UNAUTHORIZED CHECKS TO SELF

26. On or about February 21, 2018, ARNOLD issued check number 1893 for $1,242.90 to himself.

27. On or about August 21, 2018; ARNOLD issued check number 1935 for $402.12 to himself.

28. Neither of these checks constituted salary; ARNOLD separately received a check for $202.12 each month, including in February and August of 2018.

29. Audits by both the local and international unions confirmed check 1893 and 1935, which were issued to and cashed by ARNOLD, were not authorized.

### D. FALSE ENTRIES IN REQUIRED UNION RECORDS

30. As a labor organization under the LMRDA, Local 104M is required to file an annual financial report (29 U.S. C § 431(b)) and to maintain records, including vouchers, worksheets, receipts, and applicable resolutions, on the matters required to be reported for a period of not less than five years (29 U.S.C. § 436). The union's records must "provide in sufficient detail the necessary basic information and data from which the documents filed with the Secretary may be verified, explained, or clarified, and checked for accuracy and completeness."

31. On or about January 26, 2017, ARNOLD completed and signed a Form LM-3 Labor Organization Annual Report for the fiscal year ending October 31, 2016, on behalf of Local 104M. In the Annual Report, ARNOLD falsely stated, under Schedule 24, Item E, that he had received $0 in allowances and other disbursements from Local 104M during that

fiscal year. To the contrary, as is set forth above, ARNOLD knew that he had disbursed significant union funds to himself through unauthorized ATM withdrawals and debit card purchases during that time.

32. ARNOLD also willfully concealed, withheld, or destroyed the receipts and other records memorializing his unauthorized ATM withdrawals, debit card purchases, and checks.

## CONCLUSION

33. Based upon the forgoing, the undersigned respectfully submits that there is probable cause to believe that ARNOLD knowingly embezzled funds belonging to a labor organization of which he was an officer, in violation of Title 29, United States Code, Section 501(c), and has willfully made false entries in or willfully concealed books and records required to be maintained by a labor organization, in violation of Title 29, United States Code, Section 439(c) (collectively the "TARGET OFFENSES").

_____
JENNIFER RUDEWICZ
Supervisory Investigator
Office of Labor-Management Standards

Sworn to before me this
18 day of October, 2019.

_____
MARIAN W. PAYSON
UNITED STATES MAGISTRATE JUDGE

7